**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 24-12802

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

JORGE RODRIGUEZ MARTINEZ,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:21-cr-00124-SCJ-JSA-1

_____

Before JORDAN, BRANCH, and LUCK, Circuit Judges.

PER CURIAM:

Jorge Rodriguez Martinez appeals his convictions for conspiracy to possess a controlled substance and possession of a controlled substance arguing that (1) the district court abused its

discretion by admitting evidence of a prior drug offense under Federal Rule of Evidence 404(b), and (2) the district court plainly erred in referring to the prior offense as a "conviction" when it was not considered a conviction under Georgia law.   After careful review, we affirm.

## I.   Background

In 2021, a grand jury charged Rodriguez[1] with conspiring to possess with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count 1), and possessing with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (Count 2).

Prior to trial, Rodriguez filed a motion *in limine* seeking to exclude evidence of what he referred to as his 2014 Georgia "prior conviction for possession of methamphetamine."[2]   He argued that the government intended to introduce evidence of this offense at trial and that the prior offense was "probative of the issue of intent."   Nevertheless, he argued that the prior offense should not be admitted because it was remote in time, not connected to the

---

[1] The parties refer to the defendant as Rodriguez.  Therefore, we will do so as well.

[2] Although Rodriguez referred to his prior offense as a "2014 prior conviction," the supporting legal documents indicate that he was arrested in 2014 but pleaded guilty and was sentenced in 2015 under the Georgia First Offender Act.

instant offense, might "improperly sway the jury as to [his] character or propensity," and was highly prejudicial.

The government responded that the prior offense was probative to show Rodriguez's knowledge, intent, and absence of mistake or accident. It argued that the prior offense was not remote in time because it occurred merely five years earlier and was similar to the instant offense because it involved the same drug. Finally, it argued that any prejudicial effect could be mitigated with a limiting instruction.

After hearing additional arguments from counsel at a pre-trial hearing, the district court denied the motion and held the evidence admissible under Rule 404(b). The parties agreed that the prior offense would be introduced at trial by stipulation.

At trial, the government introduced the following evidence. Police received information that led them to begin conducting physical surveillance of Rodriguez in September 2020, which also included tracking two of his cell phones and his truck. On October 7, 2020, investigators had a confidential informant ("C.I.") call Rodriguez to attempt to arrange a controlled buy of methamphetamine, but the calls did not end in a transaction at that time. Later that afternoon, officers observed Rodriguez drive his truck to a Mexican restaurant in Hapeville, an area that they had never observed him travel to before. Rodriguez exited his truck and entered the passenger side of a Jeep in the parking lot. Shortly thereafter, Rodriguez and the other occupant of the Jeep exited the Jeep and entered the restaurant. Approximately ten minutes later,

Rodriguez and his companion left the restaurant. Officers observed Rodriguez talking on his cell phone, and his companion briefly entered the rear passenger "compartment area" before moving the Jeep into another position. Rodriguez then left the parking lot in his truck, and officers conducted a traffic stop because they thought Rodriguez had contraband in the car. Rodriguez consented to a search of his truck, but the officers did not find any contraband.

Meanwhile, back at the restaurant parking lot, officers observed a Mazda pull up to the passenger side of the Jeep. A female exited the driver's side of the Mazda and entered the passenger side of the Jeep. She then exited the Jeep with a Home Depot cardboard box, which she placed in the trunk of the Mazda. The female then drove away. Police attempted a traffic stop of the Mazda and engaged in a pursuit when the Mazda failed to stop. Eventually officers were able to get the car to stop, and a search revealed two kilograms of methamphetamine in the cardboard box.

Later that same day, officers observed via the tracker on Rodriguez's truck that, following the earlier stop of his vehicle, his truck had "made a pit stop" at an unknown location. Then the C.I. reached out to officers and stated that Rodriguez had left a truck outside his house with drugs in it. Officers had the C.I. contact Rodriguez and ask him to come and pick up the truck. After Rodriguez left the C.I.'s residence, police initiated another traffic stop on Rodriguez at approximately 10 p.m., and he tried to flee.

After the truck was stopped, police recovered three kilograms of methamphetamine and two cell phones.  Initially, Rodriguez stated that he had picked up the truck from a friend (but did not have a phone number for the friend); that he did not know what was in the truck; and that he had been sick with COVID.  The government introduced text messages and transcripts of voice messages extracted from Rodriguez's phone that, based on law enforcement's training and experience, appeared to be discussing drug deals in coded language.

Finally, the government also introduced Rodriguez's "prior conviction" via a joint stipulation that was read to the jury.  The stipulation provided that Rodriguez was arrested in 2014 in connection with possessing 21 grams of methamphetamine and $13,540 and that he pleaded guilty to felony possession "under the Georgia First Offender statute."  The trial court then instructed the jury as follows:

> Ladies and gentleman of the jury, earlier today there was a conviction regarding Mr. [Rodriguez] offered by the government and allowed into evidence by the court.  Regarding that conviction, I would like to read the following limit[ing] instructions to you:
>
> You heard a stipulation regarding the acts done by the defendant on another occasion that was similar to the acts to which the defendant is currently charged.  You must not consider any of this evidence to decide whether the defendant engaged in the activity alleged in the indictment.  This evidence submitted—was submitted and may be considered by

you for the limited purpose of assisting you in determining whether the defendant had the state of mind or the intent necessary to commit the crime charged in the indictment, or whether the defendant committed the acts charged in the indictment by accident or mistake.

Throughout the trial, Rodriguez argued that the government had not met its burden to prove intent.

Following closing arguments and jury deliberation, the jury found Rodriguez guilty on both counts, and the jury specifically found that the controlled substance was 50 grams or more for both counts. The district court sentenced Rodriguez to a total of 120 months' imprisonment. This appeal followed.

## II.    Discussion

Rodriguez argues that (1) the district court abused its discretion by admitting evidence of his prior drug offense under Rule 404(b), and (2) the district court plainly erred in referring to the prior offense as a "conviction" when it is not considered a conviction under Georgia law. We address each argument in turn.

### A.  The Rule 404(b) evidence

Rodriguez argues that the probative value of his prior 2015 drug offense was substantially outweighed by undue prejudice. He maintains that the district court abused its discretion in admitting this evidence because the prior offense was not essential to the government's case, and it was in fact unnecessary because of the strong evidence against Rodriguez, such as the voice and text

messages, surveillance evidence, recorded calls with the C.I., and the vehicle stop.

"We review a district court's evidentiary rulings for abuse of discretion." *United States v. Troya*, 733 F.3d 1125, 1131 (11th Cir. 2013). "[T]he district court is uniquely situated to make nuanced judgments on questions that require the careful balancing of fact-specific concepts like probativeness and prejudice, and we are loathe to disturb the sound exercise of its discretion in these areas." *Id*. (quotations omitted).

Evidence of other crimes, wrongs, or bad acts is not admissible to prove a person's character in order to show that he acted in conformity with that character. Fed. R. Evid. 404(b)(1). However, evidence of other crimes "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *Id*. R. 404(b)(2). Under Rule 403 "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *Id*. R. 403. "Exclusion under Rule 403 is an extraordinary remedy which the district court should invoke sparingly, and the balance should be struck in favor of admissibility." *Troya*, 733 F.3d at 1132 (quotations omitted). A limiting instruction to the jury can diminish any unfair prejudice caused by the admission of Rule 404(b) evidence. *United States v. Edouard*, 485 F.3d 1324, 1346 (11th Cir. 2007). In sum,

> [f]or evidence of other crimes or acts to be admissible under Rule 404(b), (1) it must be relevant to an issue other than defendant's character; (2) there must be sufficient proof to enable a jury to find by a preponderance of the evidence that the defendant committed the act(s) in question; and (3) the probative value of the evidence cannot be substantially outweighed by undue prejudice, and the evidence must satisfy Rule 403.

*Id.* at 1344.[3]

Here, the district court did not abuse its discretion in admitting the evidence of Rodriguez's prior 2015 offense. When, as here, a defendant pleads not guilty in a drug conspiracy case, he "makes intent a material issue and opens the door to admission of prior drug-related offenses as highly probative, and not overly prejudicial, evidence of a defendant's intent." *United States v. Smith*, 741 F.3d 1211, 1225 (11th Cir. 2013) (quotations omitted); *see also United States v. Matthews*, 431 F.3d 1296, 1311 (11th Cir. 2005) (explaining that "virtually any prior drug offense [is] probative of the [defendant's] intent to engage in a drug conspiracy"). By pleading not guilty and going to trial, Rodriguez made his intent a contested issue, and his prior 2015 Georgia drug offense for possession of methamphetamine was probative of his intent in this case, which also involved methamphetamine. *See Smith*, 741 F.3d at 1225–26. Although Rodriguez is correct that the government

---

[3] Rodriguez does not dispute that the second prong was satisfied in this case.

had other evidence against him including surveillance, recorded phone calls, and a vehicle stop, none of that evidence necessarily demonstrated his intent. And he argued throughout the trial that he lacked the necessary intent. Thus, evidence of his prior 2015 offense for possession of methamphetamine was a key part of the government's ability to establish his intent in this case. *Id.*

Rodriguez has not shown that the probative value of the prior drug offense evidence was substantially outweighed by the risk of prejudice. And even if he could show that the risk of prejudice outweighed the probative value, "any unfair prejudice possibly caused by admitting evidence of [Rodriguez's prior drug offense] was mitigated by the district court's limiting instruction to the jury." *Edouard*, 485 F.3d at 1346. Accordingly, the district court did not abuse its discretion in admitting the prior drug offense evidence.

### B. References to the prior drug offense as a "conviction"

For the first time on appeal, Rodriguez argues that the district court plainly erred by referring to his 2015 Georgia drug offense as a "conviction" because he pleaded guilty under Georgia's First Offender Act, and sentences under that act are not treated as "convictions" under Georgia law.[4] The government argues that

---

[4] Under the Georgia First Offender Act, if a defendant has not been previously convicted of a felony, the state trial court may accept an eligible defendant's plea and impose a sentence without entering a judgment of guilt. O.C.G.A. § 42-8-60(a). If the defendant successfully completes his sentence under the Act, he "shall be exonerated of guilt and shall stand discharged as a matter of law." *Id.* § 42-8-60(e). Upon exoneration and discharge, "the defendant shall

Rodriguez invited any error because Rodriguez referred to the prior offense as a "conviction" in his district court filings and expressly agreed to the joint stipulation which referred to the prior drug offense as a "conviction."

"The doctrine of invited error is implicated when a party induces or invites the district court into making an error. Where invited error exists, it precludes a court from invoking the plain error rule and reversing." *United States v. Silvestri*, 409 F.3d 1311, 1327 (11th Cir. 2005) (citation and quotations omitted).

Here, the record confirms that Rodriguez repeatedly referred to his prior drug offense in the district court proceedings as a "conviction." Additionally, Rodriguez signed and consented to the joint stipulation that referred to the prior drug offense as a "prior conviction." Accordingly, he invited any error, and we are precluded from reviewing this claim. *Id.*

Accordingly, for the above reasons, we affirm Rodriguez's convictions.

**AFFIRMED.**

---

not be considered to have a criminal conviction" under Georgia law. *Id.* § 42-8-60(i). We have not addressed in a published opinion whether offenses expunged under the Act nevertheless constitute a "conviction" for purposes of federal proceedings.